IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISRAEL RUIZ,<br><br>        Plaintiff,<br><br>v.<br><br>JB PRITZKER, ROB JEFFREYS, EDITH CRIGLER & KWAME RAOUL,<br><br>        Defendants. | Case No. 22-cv-7171<br><br>Hon. John Robert Blakey |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

In their reply in support of their motion to dismiss (Doc. 30), Defendants for the first time cite an Illinois Appellate Court decision under Illinois Supreme Court Rule 23 that was recently issued in *People v. Lowder,* 2023 IL App (4th) 220315-U ("*Lowder*"), in support of their argument that there is a rational basis for prospective-only application of Public Act 100-1182 ("the Act"). However, *Lowder* does not support dismissal of Mr. Ruiz's claims because the court in that case (1) appeared to rely on evidence that is not appropriately considered on a Rule 12(b)(6) motion, (2) relied on purported rational bases that Defendants have not raised and at least one other court has rejected, (3) did not consider key allegations by Plaintiff in this case, including that the cost of incarceration undermines Defendants' sole claimed rational basis, and (4) designated the opinion as non-precedential under Illinois Supreme Court Rule 23. Accordingly, the Court should discount the relevance of the *Lowder* holding and deny Defendants' Motion to Dismiss.

First, *Lowder* involved a request to file a successive postconviction petition, not a motion to dismiss, and therefore weighed evidence in a manner inappropriate at this stage. 2023 IL App (4th) 220315-U at ¶ 7. Indeed, the *Lowder* decision makes reference to, but does not detail all of, the evidence that it weighed in making its conclusions, potentially because it is an Ill. Sup. Ct.

1

Rule 23 opinion. *Id*. at ¶¶ 7-8. Here, at this stage, the Court must accept all well-pleaded factual allegations as true, draw all reasonable inferences in Plaintiff's favor, and consider only those facts alleged in the Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) (holding it was premature to assess the security concerns raised in defendant's motion to dismiss); *Hendrickson v. VWR Int'l, LLC*, No. 09 C 7850, 2010 WL 996438, at *2 (N.D. Ill. Mar. 16, 2010) (declining to consider factual issues outside of the complaint in ruling on a motion to dismiss). Accordingly, the arguments made by Defendants relying on *Lowder* are inappropriate. (*See also* Doc. 29 at 8-11 (citing *Wroblewski v. City of Washburn*, 965 F.2d 452, 459–60 (7th Cir. 1992) ("The rational basis standard, of course, cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard.")).)

Second, in this case, Defendants do not rely on the purported rational bases for prospective-only application of the Act that were relied on by the court in *Lowder*. Though it was not appropriate for them to raise facts not included in the Amended Complaint, in their Motion to Dismiss, Defendants only raised one purported rational basis, which was an unspecified "burden on the courts and prison system" for administering an undetermined number of additional parole hearings. (Doc. 26 at 8 (providing no details on any alleged related costs).) As the Governor, the Attorney General, the Acting Director of the IDOC, and the Chair of the Illinois Prisoner Review Board, Defendants were aware of the facts considered by the court in *Lowder*. They had access to the Act's legislative history, PRB reports, and the number of potential prisoners who could be eligible for parole if the Act was applied retroactively. But Defendants said nothing about those issues in their initial Motion, and they do not even argue that such factors form a rational basis in their Reply, stating only that "[t]his Court should follow the reasoning from *Lowder* and hold that Plaintiff's equal protection claim fails." (Doc. 30 at 8, 9 (also making vague reference to

2

"disruption of sentences").) The only conclusion is that Defendants themselves do not actually stand by the purported rational bases cited in the *Lowder* opinion. Consistent with Defendants' apparent position, at least one other court has rejected the purported rational bases relied on in *Lowder*, instead finding that prospective-only application was a legislative compromise that is constitutionally unsupportable. *See People v. Metlock*, 2021 IL App (1st) 170946-U, ¶ 75-76 (holding that there was "no rational or justifiable reason to make a parole hearing available" only to those sentenced after June 1, 2019). Either way, because Defendants do not rely on the *Lowder* purported rational bases, and at least one court has rejected them, the Court should not rely on *Lowder* for this reason as well.

Third, the court in *Lowder* did **not** consider that the cost of housing a prisoner in an IDOC facility undermines the sole rational basis asserted by Defendants in this case. As argued in Plaintiff's response (Doc. 29 at 11), the cost of a single parole hearing cannot possibly exceed the $38,000 it costs the State of Illinois to house one prisoner for one year, let alone the cost of keeping someone imprisoned for the rest of their sentence. (Doc. 24 at ¶ 40.) These costs were not mentioned in the *Lowder* decision and demonstrate Defendants' basis, as well as others noted in *Lowder*, are not rational. Moreover, these factual issues underscore that Defendants are asking this Court to inappropriately weigh issues of fact not presented in Plaintiff's Amended Complaint on a Rule 12(6)(b) motion. The Court should reject Defendants' request to engage in fact finding.

Fourth, and finally, the *Lowder* decision is a non-precedential decision under Illinois Supreme Court Rule 23. While it may be cited for persuasive purposes, its relevance is limited, in particular since the Rule 23 format omits detail on what evidence the court reviewed and relied on.

For these reasons, and those provided in Plaintiff's response, the Court should hold that Plaintiff has adequately pleaded his claims and deny Defendants' Motion to Dismiss.

3

Dated: May 26, 2023

Respectfully submitted

By: /s/ *Ann H. MacDonald*
Ann MacDonald
William Ziegelmueller
Meera Gorjala

ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
ann.macdonald@afslaw.com
bill.ziegelmueller@afslaw.com
meera.gorjala@afslaw.com

*Counsel for Plaintiff Israel Ruiz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

/s/ *Meera S. Gorjala*

*Attorney for Plaintiff Israel Ruiz*